(No. 5332– )

CHARLES EDWARD FERGUSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*
*Petition of Claimant for Rehearing denied February 14, 1972.*

HENNING AND CROFT, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

Charles Edward Ferguson has filed his complaint in this Court seeking to recover damages against respondent, charging respondent with certain acts of negligence in its failure to maintain a street, which was under its control.

From the evidence introduced, it appears that claimant, on October 30, 1965, at or about 6:45 a.m., parked his car at or near 3867 Elston Avenue, Chicago, Illinois, and entered the Elston Launderette; that some time later claimant left the launderette, and at the aforesaid location, while stepping from the sidewalk and curb onto the street, stepped into a hole in the asphalt pavement in the street. Claimant testified that the weather at the time was cloudy and hazy. He further testified that the hole in the pavement was approximately one foot from the curb.

On cross examination, claimant testified that he was well acquainted with the area in question; that the street along the block in question was cracked, and that he knew of the bad condition of the street. He also testified that he

did not look down at the street when he stepped from the curb, even though he knew that the street and pavement was in a bad condition.

Joseph Ciborowski, a witness on behalf of claimant, testified that he is the owner of the Elston Launderette on Elston Avenue. He testified as to the photographs of the street in question, and testified that the hole depicted in claimant's exhibits and photographs, existed for at least four or five months prior to October 30, 1965, the date of the accident in question.

In order for claimant to recover, he must prove by a preponderance of the evidence that respondent was negligent, that this negligence was the proximate cause of claimant's injury, and that he was, at the time of the accident, exercising due care and caution for his own safety. It is the respondent's contention that claimant was a pedestrian walking on a roadway in violation of Chap. 95 1/2, Sec. 175, Ill.Rev.Stat.; "Where sidewalks are provided, it is unlawful for any pedestrian to walk along and upon an adjacent roadway except at a crosswalk," and that respondent owes no duty to such pedestrian to keep the street in a safe condition, and, therefore, could not be guilty of negligence.

It is unnecessary for this court to consider respondent's contention, since we find from the facts in this case the claimant was not in the exercise of due care.

Respondent is not an insurer of all accidents which happen to persons using its roads and it is incumbent upon the claimant to prove by a preponderance of the evidence that he was exercising due care and caution for his own safety at the time of the accident. Claimant has failed to discharge this burden. He knew of the condition of the roadway in the area where the accident occurred, but did not look down into the street before stepping off the curb,

or in any other way exercise care for his own safety. Had he looked down, he could have avoided stepping into the hole. *Thriege* vs. *State of Illinois*, 24 C.C.R. 470.

In view of the foregoing, the claim must be denied.